# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

KAYLA T. FRAZIER,

    Plaintiff,

    v.

Civil Action 2:18-cv-1597
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

MEGAN S. BRENNAN, *et al.*,

    Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Kayla T. Frazier, who is proceeding without the assistance of counsel, brings this employment discrimination action against Megan Brennan, the Postmaster General of the United States Postal Service ("USPS"), alleging that her employment with USPS was terminated in violation of Title VII of the Civil Rights Act ("Title VII"). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. (ECF No. 1.) All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

**I.**

Plaintiff filed this action on December 7, 2018. The entirety of Plaintiff's Complaint provides as follows:

> On May 24th 2016 I was issued a notice of removal from USPS. Management violated my title 7 rights and my civil rights act of 1964 as amended. The USPS subjected myself to 3 different 90-day probationary periods. The policy for USPS is one(1) 90-day probationary period.

(Compl. 3, ECF No. 1-1.) In terms of relief, Plaintiff seeks $300,000 and reinstatement to her position at USPS. Plaintiff attaches a June 19, 2018 decision from the Equal Employment Opportunity Commission ("EEOC") Office of Federal Operations affirming the agency's final order adopting the EEOC Administrative Judge's determination that Plaintiff was not discriminated against by USPS as she had alleged (the "EEOC Decision"). (ECF No. 1-2.) The attached EEOC Decision includes a section titled "Complainant's Right to File a Civil Action" in which Plaintiff was advised that she had "the right to file a civil action in the appropriate United States District Court **within ninety (90) calendar days** from the date that [she] receive[d] [the] decision." (*Id*. at 3.)

**II.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a

3

complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, the Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.**

The undersigned **RECOMMENDS** that Plaintiff's action be dismissed for failure to timely file within the requisite 90-day limitations period.

Based upon Plaintiff's Complaint and the attachment, it appears that Plaintiff seeks to assert claims against USPS under Title VII. Title VII is a federal employee's exclusive remedy for workplace discrimination. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976) (stating that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment"); *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009) ( "Title VII prohibits discrimination in employment on the basis of race, color, religion, sex, and national origin . . . and provides the exclusive remedy for such claims in federal employment."). "The right to bring an action under Title VII . . . is predicated upon the timely exhaustion of

4

administrative remedies, as set forth in 29 C.F.R. § 1613.201 *et seq*." *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991).

As the EEOC Decision advises, Plaintiff had 90 days from receipt of the June 19, 2018 Decision to file a civil action. *See* 42 U.S.C. § 2000e-16(c). Although "the 90-day filing requirement is not jurisdictional and is therefore subject to waiver, estoppel, and equitable tolling," . . . . the 90-day limitations period is strictly applied and a Court must dismiss suit "[e]ven where a plaintiff misses the filing deadline by only one day . . . ." *McKibben v. Hamilty Cty.*, No. 99–3360, 2000 WL 761879, at *3 (6th Cir. May 30, 2000) (citing *Truitt v. Cty. of Wayne*, 148 F.3d 644, 646 (6th Cir. 1998); *Goodman v. City Prods. Corp., Ben Franklin Div*., 425 F.2d 702, 703-04 (6th Cir. 1970)). "[T]he ninety-day limitations term begins running . . . on the fifth day following the EEOC's mailing of [a right-to-sue] notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 558 (6th Cir. 2000) (citations omitted).

Here, as noted above, the June 19, 2018 EEOC Decision contains a right-to-sue notification advising Plaintiff that she must file in an appropriate United States District Court within 90 days from the date she receives the decision. (*See* ECF No. 1-2 at p. 3.) The Certificate of Mailing included in the Decision shows that it was sent on June 19, 2018, and further advises Plaintiff that "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." (*Id*. at p. 5.) Adding five days to receive the mailing, the deadline for Plaintiff to file in federal court expired September 24, 2018. Plaintiff failed to file this action, however, until December 7, 2018.

5

Because Plaintiff's Complaint contains no allegations upon which the Court could rely to conclude that Plaintiff satisfied her burden to demonstrate that equitable tolling applies, it is **RECOMMENDED** that Plaintiff's action be dismissed as untimely pursuant to §1915(e). *See Rucker v. Potter*, 215 F. App'x 406 (6th Cir. 2007) (affirming trial court's dismissal of action under § 1915(e) where the plaintiff's complaint was filed outside the 90-day limitation set forth in Title VII); *Arredondo v. Brushwellman, Inc.*, No. 99-3361, 1999 WL 1253077, at *1 (6th Cir. Dec. 17, 1999) (same); *Disena v. T.S. Emp't, Inc.*, No. 15-12566, 2016 WL 4264192, at *1-2 (E.D. Mich. Aug. 12, 2016) (dismissing Title VII action as untimely pursuant to § 1915(e) where the plaintiff failed to file the action within 90 days of receiving the right-to-sue letter from the EEOC).

**IV.**

For the reasons set forth above, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**, and it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e).

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE